# In the United States Court of Federal Claims

|  |  |
|---|---|
| KATHY CAPRON and BRUCE CAPRON,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 23-770<br>(Filed: July 12, 2023) |

*Kathy and Bruce Capron*, *pro se*, Salisbury, NH.
*Sean Kelly Wolfe*, U.S. Department of Justice, Washington, DC.

## OPINION AND ORDER

**LERNER**, *Judge*.

Plaintiffs, Kathy and Bruce Capron, filed a *pro se* Complaint in this Court on May 22, 2023. They seek relief under the Federal Tort Claims Act ("FTCA") for negligent medical care by a Veterans Administration ("VA") physician. Compl. 2, ECF No. 1. Plaintiffs' Complaint is **DISMISSED without prejudice** because this Court does not have jurisdiction over the FTCA. *See* 28 U.S.C. § 1491.

### I.  Background

Plaintiffs claim that "on or about February 20, 2020" a physician at a VA hospital in White River Junction, NH, failed to monitor Mrs. Capron's condition, respond to her messages, and help her receive care. Compl. 2. According to Mrs. Capron, a VA doctor referred her for surgery at a non-government facility. *Id.* Mrs. Capron underwent an unnamed surgery. *Id.* In the months afterwards, she suffered a terrifying and debilitating array of symptoms. *Id.* (listing symptoms such as "increasing pain, dizziness, confusion, disorientation and sweats, loss of memory, radiating pain, having to use OBGYN straps to hold head up for me, and reporting inability to cook and clean as well as a loss of weight over 60 pounds in 3 months, constant nausea and copious pictures of yellow green discharge was present, and would saturate [abdominal gauze pads] given to [Mrs. Capron by the non-government doctor]"). Mrs. Capron alleges she would "frequent[ly]" call the VA to get assistance, as well as send the VA physician emails with images of her symptoms. *Id.* But the physician was nonresponsive and refused to refer her elsewhere for medical care. *Id.*

Because of the delay in receiving appropriate care, Mrs. Capron suffered increased injuries, which led to permanent damage. *Id.* She is no longer able to care for herself independently, she has incurred medical expenses, and she has lost income from her family business, according to the Complaint. *Id.*

Plaintiffs filed suit in this Court on May 22, 2023. This Court ordered Plaintiffs to submit the filing fee or move to proceed in forma pauperis on June 8, 2023. Order, ECF No. 6. They then submitted both the filing fee and a Motion to Proceed in Forma Pauperis. Mot. to Proceed in Forma Pauperis, ECF No. 9.

## II.     Motion to Proceed in Forma Pauperis

Plaintiffs can proceed in forma pauperis when they are "unable to pay" filing fees. 28 U.S.C. § 1915(a)(1); *see Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) ("To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute."). Judges have discretion to determine, based on affidavits provided by plaintiffs, whether proceeding in forma pauperis is justified to allow access to court. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018). Here, Plaintiffs paid the filing fee, thereby demonstrating their ability to do so. The Motion to Proceed in Forma Pauperis is **DENIED**.

## III.    Subject-Matter Jurisdiction

A claim may only be heard by the Court of Federal Claims if the Plaintiff can establish subject-matter jurisdiction. *Kissi v. United States*, 493 Fed. App'x 57, 58 (Fed. Cir. 2012). *Pro se* litigants are generally "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* plaintiffs must establish proper jurisdiction. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) ("In other words, the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."). The Court can also examine on its own whether subject-matter jurisdiction exists. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

While this Court is sympathetic to Mrs. Capron's situation, it does not have jurisdiction over tort claims. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages in cases not sounding in tort."); *Donnelly v. United States*, 733 Fed. App'x 1026, 1027 (Fed. Cir. 2018) ("By its express terms, therefore, the Tucker Act excludes tort claims from the Court of Federal Claims' jurisdiction."). All claims contained within Plaintiffs' Complaint sound in tort. Compl. 1 ("The plaintiff is alleging FTCA negligence and malpractice."). As such, this Court lacks subject-matter jurisdiction.

## IV.     Conclusion

For the foregoing reasons, the Motion to Proceed in Forma Pauperis is **DENIED**, and the case is **DISMISSED without prejudice**. The Clerk of the Court is directed to enter judgment accordingly and shall deposit Plaintiffs' check for the filing fee.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge